IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARKEMA INC. and OZARK-
MAHONING COMPANY,

Plaintiffs,

v.

AMMIN HOLDINGS INC,

Defendant.                                        12-cv-1022-DRH-DGW

MEMORANDUM and ORDER

HERNDON, Chief Judge:

## I. Introduction

Now before the Court is defendant Ammin Holdings, Inc.'s motion to dismiss all counts of plaintiffs Arkema Inc. and Ozark-Mahoning Companys' complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 17). As Arkema Inc. and Ozark-Mahoning Company have responded in opposition (Doc. 38) and provided a supplemental response (Doc. 57), this dispute is ripe for judicial resolution. Based on the following, the Court **GRANTS in part and DENIES in part** the motion (Doc. 17).

## II. Background

Prior to this filing of the instant action, plaintiffs Arkema Inc. and Ozark-Mahoning Company (collectively, plaintiffs) were defendants in an action before this Court brought by the State of Illinois, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.*, the Illinois Environmental Protection

Act, 45 ILCS 5/1, *et seq.*, and Illinois common law. *See State ex rel. Madigan v. Alcoa Inc., et al.*, 09-cv-392-DRH-PMF (S.D. Ill. 2009). The State of Illinois sought past and future response costs, declaratory relief, and injunctive relief incurred from the release or threatened release of hazardous substances arising from the mining and milling operations in and around Rosiclare, Hardin County, Illinois (09-cv-392, Doc. 3). Every defendant, including plaintiffs herein, entered into a consent decree requiring them to perform certain remedial investigations and feasibility studies of certain areas of concerns (AOC) and perform additional removal actions with respect to AOC1 (Doc. 2, p. 2).  This Court approved the consent decree on September 24, 2009 (09-cv-392, Doc. 18).

Thereafter, on September 21, 2012, plaintiffs filed the three count complaint currently before the Court (Doc. 2). The complaint seeks cost recovery and contribution resulting from the release or threatened release of hazardous substances at the "Rosiclare Site in Rosiclare, Hardin County, Illinois (the 'Site')," pursuant to CERCLA (Doc. 2, p. 1). Thus, plaintiffs bring Count I for recovery of response costs under CERCLA § 107(a), Count II for contribution under CERCLA § 113(f), and finally Count III for a declaratory judgment under CERCLA § 113(g)(2).

Initially, plaintiffs brought all three counts against the following defendants: Arcelormittal USA Inc., Rosiclare Lead and Fluorspar Mining Company, ON Marine Services Company LLC, the Estate of Jack L.

Quarant, Ammin Holdings, Inc. (Ammin), and Prince Minerals, Inc. However, since the filing on their complaint, plaintiffs and all defendants, except Ammin, have finalized settlements and the settling defendants have been dismissed from this action with prejudice (Doc. 85). Accordingly, Ammin's motion to dismiss all counts of plaintiffs' complaint is the only motion pending before the Court (Doc. 17).[1]

### III. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is

---

[1] Thus, the settling-defendants' previously filed motions to dismiss were rendered moot when the Court dismissed the settling defendants with prejudice (Docs. 35, 48, and 67).

required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). The level of detail the complaint must furnish can differ depending on the type of case before the Court. So for instance, a complaint involving complex litigation (antitrust or RICO claims) may need a "fuller set of factual allegations . . . to show that relief is plausible." *Id.* at 1083 (citing *Limestone Dev. Corp. v. Village of Lemont, Illinois,* 520 F.3d 797, 803–04 (7th Cir. 2008)).

The Seventh Circuit has offered further direction on what (post-*Twombly & Iqbal* ) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the Court remarked in *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

Judge Posner explained that *Twombly* and *Iqbal:*

> require that a complaint be dismissed if the allegations do not state a plausible claim. The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant
has acted unlawfully." *Id.* at 1949. This is a little unclear
because plausibility, probability, and possibility overlap.

.   .   .

But one sees more or less what the Court was driving at: the
fact that the allegations undergirding a plaintiffs claim could be
true is no longer enough to save it. . . . [T]he complaint taken
as a whole must establish a nonnegligible probability that the
claim is valid, though it need not be so great a probability as
such terms as "preponderance of the evidence" connote . . .
After *Twombly* and *Iqbal* a plaintiff to survive dismissal "must
plead some facts that suggest a right to relief that is beyond the
'speculative level.'" *In re marchFIRST Inc.,* 589 F.3d 901, 905
(7th Cir. 2009).

*Atkins v. City of Chicago,* 631 F.3d 823, 831–32 (7th Cir. 2011) (emphasis
added); *see also Smith v. Med. Benefit Admin'rs. Group, Inc.,* 639 F.3d
277, 281 (7th Cir. 2011) (Plaintiff's claim "must be plausible on its face,"
that is, "The complaint must establish a nonnegligible probability that the
claim is valid."). With these principles in mind, the Court turns to the
allegations of plaintiffs' complaint.

### IV. <u>Analysis</u>

#### 1. Count 1: CERCLA § 107(a), 42 U.S.C. § 9607(a)

Plaintiffs' Count I seeks cost recovery under CERCLA § 107. Under §
107, one potentially responsible party (PRP) has the same rights as an
innocent party to sue another PRP for cleanup costs incurred in a removal
or remedial action. *See United States v. Atl. Research Corp.,* 551 U.S. 128,
135-36 (2007) (interpreting 28 U.S.C. § 9607(a)(4)(B)). To compare, § 113,

CERCLA's contribution provision, creates two distinct rights to contribution, subject to distinct prerequisites. *See* 42 U.S.C. § 9613; *Cooper Indus., Inc. v. Aviall Servs., Inc.,* 543 U.S. 157, 166 (2004). Under 42 U.S.C. § 9613(f)(1),

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title.

While under 42 U.S.C. § 9613(f)(3)(B),

> A person who has resolved its liability to the United States or a State for some or all of the costs of such action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not a party to a settlement referred to in paragraph (2).[2]

In reliance on persuasive authority from sister circuits, Ammin argues a § 107 claim is foreclosed to plaintiffs, because a § 113 claim for contribution is available to them. *See Solutia v. McWane, Inc.*, 672 F.3d 1230 (11th Cir. 2012); *Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 602-604 (8th Cir. 2011); *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 127-28 (2d Cir. 2010); *see also Agere Sys. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 225-26 (3d Cir. 2010). At the

---

[2] Paragraph (2) is CERCLA's "contribution bar" provision, stating:

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2).

Case 3:12-cv-01022-DRH-DGW  Document 86  Filed 06/28/13  Page 7 of 13  Page ID #434


time plaintiffs initially responded to Ammin's motion, the Seventh Circuit

had not directly addressed whether a plaintiff is limited to a contribution

claim under § 113 when one is available. Thus, plaintiffs opposed Ammin's

arguments.

Shortly thereafter, the Seventh Circuit decided *Bernstein v. Bankert,*

702 F.3d 964 (7th Cir. 2012). In *Bernstein,* the Seventh Circuit endorsed

"limiting a plaintiff to one form of CERCLA action" due to the "procedural

distinctness of the remedies." 702 F.3d at 989. The court went on to state,

> Through SARA, Congress intentionally amended CERCLA to
> include express rights to contribution, subject to certain
> prerequisites. If § 9607(a) already provided the rights of action
> contemplated by the SARA amendments, then the amendments
> were just so many superfluous words. The canons of statutory
> construction counsel against any interpretation that leads to
> that result.

*Id.* (citing *Niagara Mohawk,* 596 F.3d at 128; *Hibbs v. Winn,* 542 U.S. 88,

101 (2004)). In sum, the Seventh Circuit stated, "the Trustees have a

contribution action under § 9613(f)(3)(B). And although, giving the words

their plain meaning, they have also incurred 'necessary costs of response,'

*see* § 9607(a)(4)(B), as is required to sustain a cost recovery action, we

agree with our sister circuits that a plaintiff is limited to a contribution

remedy when one is available." 702 F.3d at 980.  Plaintiffs have filed a

supplemental response acknowledging this Court's obligation to implement

*Bernstein,* while noting disagreement with its holdings (Doc. 57). Ammin

additionally responds that *Bernstein* precludes plaintiffs' § 107 claim (Doc.

60). Thus, in light of *Bernstein,* plaintiffs' § 107 claim seemingly requires dismissal, provided a contribution remedy is available to them. *Id.*

As to whether a contribution remedy is available to plaintiffs, the Court first notes plaintiffs inconsistently allege under which contribution provision they bring their claim: § 113(f)(1) or § 113(f)(3)(B). The heading of Count II references § 113(f)(3)(B). However, plaintiffs' supplemental response says this was a mistake and that the facts state a claim pursuant to § 113(f)(1) (Doc. 57, p. 2 n. 1). On the other hand, plaintiffs' initial response in opposition to Ammin's motion solely references § 113(f)(3)(B) (Doc. 38, pp. 8-9). Ammin's arguments for dismissal do not reference the separate prerequisites for recovery under § 113(f)(1) or § 113(f)(3)(B). However, in reliance on the parties' arguments, it appears undisputed that a contribution claim under § 113 is at least "available" to plaintiffs. On this basis, and due to the limited arguments before it, the Court **GRANTS** Ammin's motion to dismiss Count I under § 107(a) without prejudice.

### 2. Counts II and III: CERCLA § 113

Ammin argues that plaintiffs' Counts II and III fail because their allegations "amount to nothing more than a generic recital of some (but not all) of the required legal elements of a CERCLA claim" (Doc. 17, p. 6). Plaintiffs' complaint contains the following pertinent allegations:

### Estate of Jack L. Quarant

34.    Jack L. Quarant ("Quarant"), who was a resident of Rosiclare, Illinois, purchased the Fairview Mine and mill (the "Fairview Property") in or about 1969.

35. On or about October 7, 1972 Quarant sold a portion of the Fairview Property to American Minerals, Inc. ("AMI").

.    .    .

### Ammin Holdings, Inc.

38. [Ammin] is a Delaware Corporation with its principal place of business in Rosiclare, Illinois.

39. AMI owned and/or operated its portion of the Fairview Property during periods of time in which there were releases of Hazardous Substances at or from that property.

40. Ammin is a successor-in-interest to AMI.

41. Ammin is the current owner of a portion of the Site and is[sic] an owner of a portion of the Site at the time of releases of Hazardous Substances at or from the Site.

The crux of Ammin's argument is that plaintiffs have failed to sufficiently allege Ammin is a "covered person" under 42 U.S.C. § 9607(a). Of the four categories of "covered persons" described in § 9607(a), plaintiffs and Ammin cite owner and operator liability as the basis of Ammin's potential liability. *See* 42 U.S.C. § 9607(a)(1). Under § 9607(a)(1), a "covered person" includes "the owner or operator of a vessel or a facility." *Id.*

Ammin characterizes the complaint as merely alleging that "AMI's former operations resulted in releases on or from the *Fairview Property*,"

instead of necessarily alleging that "AMI's former operations caused or contributed to a release of hazardous substances at *the Site*" (Doc. 17, p. 7) (emphasis added). Thus, Ammin argues that because plaintiffs do not allege that AMI's portion of the Fairview Property is a part of the Site as defined by the consent decree approved by this Court in *Alcoa Inc.*, 09-cv-392, plaintiffs' complaint must fail.

Plaintiffs respond that the complaint alleges that the Site, described in the complaint as the "Rosiclare Site in Rosiclare, Hardin County, Illinois," is a "facility," under CERCLA § 101(9), 42 U.S.C. § 9601(9) (Doc. 2, p. 2). With respect to Ammin, plaintiffs allege that Ammin is a successor in interest to AMI which "owned and/or operated its portion of the Fairview Property during periods of time in which there were releases of Hazardous Substances at or from that property" and that "Ammin is the current owner of a portion of the Site and is[sic] an owner of a portion of the Site at the time of releases of Hazardous Substances at or from the Site" (Doc. 2, p. 6). Thus, plaintiffs argue they have sufficiently alleged that Ammin is a "covered person" under § 107(a)(1). *See* 42 U.S.C. § 9607(a)(1).

Ammin requests that this Court interpret the consent decree entered in *Alcoa Inc.*, 09-cv-392, as holding Ammin is not in fact a "current owner of a portion of the Site," as plaintiffs' complaint alleges, and find that Ammin is not a "covered person." While the Court notes that the consent decree at issue is likely part of the pleadings in this action, *see Venture*

*Assoc v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993), the Court will not, at this stage, engage in an interpretation of the consent decree and thus, by Ammin's characterization, contradict a factual allegation of the complaint. Accepting as true all well-pled factual allegations and drawing all reasonable inferences in plaintiffs' favor, *see Rujawitz*, 561 F.3d at 688, the Court finds that plaintiffs have sufficiently alleged that Ammin is a "covered person," *see* 42 U.S.C. § 9607(a), under the standards applicable to a Rule 12(b)(6) motion.

Finally, in reliance on *Kalamazoo River Study Group v. Menasha Corp.,* 228 F.3d 648, 655 (6th Cir. 2000), Ammin makes a half-hearted attempt at arguing plaintiffs have inadequately pled a "causal nexus" between the release of hazardous substances and resulting response costs at Ammin's property. In *Kalamazoo,* the Sixth Circuit noted, "[i]t is clear from the text, structure, and legislative history of § 107 that the provision does not require a plaintiff to show that a particular defendant caused either the release or the incurrence of response costs in order to prove liability." *Id.* (citation omitted). The court further explained, "the text of § 107 imposes no such causation requirement on its face. Rather, the text requires only that a plaintiff prove 'that the defendant's hazardous substances were deposited at the site from which there was a release and the *release* caused the incurrence of response costs.'" *Id.* (citing *United States v. Alcan Aluminum Corp.,* 964 F.2d 252, 266 (3d Cir. 1992)

(emphasis in original)). "The liability standard for contribution claims is the same as the standard for cost recovery claims." *Id.* at 656. Thus, "[b]ecause causation is not an element of liability under § 107, and because § 107 defines the liability standard applicable in actions brought pursuant to § 113, then a § 113 plaintiff need not prove causation in order to establish a defendant's liability." *Id.*

Plaintiffs' complaint alleges, "[r]eleases or threatened releases of Hazardous Substances at or from the Site have caused Plaintiffs to incur Response Costs" (Doc. 2, p. 3). Once again, plaintiffs' complaint states, "AMI owned and/or operated its portion of the Fairview Property during periods of time in which there were releases of Hazardous Substances at or from that property." "Ammin [AMI's successor in interest] is the current owner of a portion of the Site and is[sic] a owner of a portion of the Site at the time of releases of Hazardous Substances at or from the Site" (Doc. 2, p. 6). Further, Count II alleges that plaintiffs "are entitled to contribution from Defendants for response costs incurred and for future response costs to be incurred by Plaintiffs in connection with the Site" (Doc. 2, p. 8). On the basis of the above allegations, the Court finds plaintiffs have sufficiently alleged the requisite "causal nexus" of a contribution claim under § 113. *See Twombly,* 550 U.S. at 570; *Iqbal,* 556 U.S. at 678-79. Thus, for the reasons stated above, and based solely on Ammin's limited arguments,

Ammin's request that the Court dismiss plaintiffs' Counts II and III is **DENIED**.

<h2 style="text-align:center">V. <u>Conclusion</u></h2>

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Ammin's motion to dismiss plaintiffs' complaint (Doc. 17). Plaintiffs' Count I is **dismissed without prejudice**. Ammin's request as to Counts II and III is **DENIED**.

**IT IS SO ORDERED**.

Signed this 28th day of June, 2013.

David R. Herndon
2013.06.28
13:17:03 -05'00'

**Chief Judge Herndon**
**United States District Court**